UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:09-CR-000444-LJO |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |
| IVAN SOTO TORRES, | |
| Defendant. | |
| | (Doc. 31) |

Before the Court is Defendant's Motion for Reconsideration (Doc. 31) of the Court's May 28, 2015 Order granting a reduction in his sentence (Doc. 29). On September 23, 2015, the Federal Defender's Office ("FDO") filed a notice that it did not recommend counsel be appointed. *See* Doc. 32. The Government has not filed a response. Upon review of the motion and the relevant law, the Court will deny the motion.

I.   **BACKGROUND**

On September 29, 2010, Defendant Ivan Soto Torres's ("Defendant" or "Torres") pleaded guilty to Count One of the Indictment, Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). *See* Doc. 18. The plea deal, signed by Torres, included information about the Defendant's potential sentence, specifying the statutory mandatory minimum sentence of ten years. *See id* at 9-10. At sentencing, the Court, accepting the Presentence Report's ("PSR") determination, found a base offense level of 3, a criminal history category of II, and that the Guidelines range for such a defendant was 121-151 months. U.S.S.G. Ch. 5, Pt. A. Because

Defendant did not qualify for the safety valve reduction and the Government did not move for a downward departure, Defendant was not eligible for a sentence below the mandatory minimum. The Court adopted the recommendation in the PSR and on December 17, 2010, imposed a sentence of 121 months, with 48 months supervised release. *See* Docs. 23-25.

On May 28, 2015, the Federal Defender's Office and the Government stipulated to Defendant's eligibility for a reduction pursuant to 18 U.S.C. § 3582(c)(2). *See* Doc. 28. Pursuant to §§ 2D1.1(a)(5)(A) and (B)(i), Defendant qualified for a base offense reduction by 2 levels, to a level 29. The Guidelines range for a defendant with an offense level of 29 and a criminal history category II is 97-121 months. U.S.S.G. Ch. 5, Pt. A. The parties stipulated to the fact that Defendant remains subject to the statutory mandatory minimum term of 120 months. *See* Doc. 28 at ¶ 5. Accordingly, the Court accepted the parties' stipulation and ordered a reduction in Defendant's term of imprisonment from 121 months to 120 months. *See* Docs. 29, 30. It is the Court's decision to reduce his sentence by only a single month which Defendant now challenges.

## II.    LEGAL STANDARD

### Standard of Review

Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000). Generally, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003); *see also Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

### Sentence Reduction

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the

2

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

### III.  DISCUSSION

Defendant, proceeding *pro se*, seeks reconsideration of the Court's May 28, 2015 Order granting his motion for a reduction of his sentence, pursuant to U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* Doc. 31.

Torres first asserts that he is entitled to a reduction below 120 months because he was unaware of the statutory mandatory minimum penalty at the time of his original sentence. *See id.* First, a defendant's knowledge of his potential sentence is not a relevant factor in determining eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2), which permits the sentencing court to reduce a sentence only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Dunn,* 728 F.3d at 1155. Moreover, it is uncontroverted that Torres's plea agreement includes specific information that a mandatory minimum sentence applies to the charge to which Defendant pleaded guilty ("The following is the maximum potential sentence which the defendant faces: (a) Imprisonment. Mandatory minimum: Ten (10) years."), Defendant signed this plea agreement, and stated in open court that he understood the terms of the agreement. *See* Doc. 18 at 9-10; *see also* Docs. 20, 22 & 24. The parties' recent stipulation to the reduction in sentence also memorializes that Defendant is subject to a statutory ten-year mandatory minimum sentence. *See* Doc. 28 at ¶ 5. Therefore, the Court finds unavailing the arguments about Defendant's ignorance of the law.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.

Defendant further argues that "based on the weight estimates as established in the Presentence Report," he is entitled "to the relief afforded under Amendment 782 and its Retroactive Application to modify the sentence originally imposed in the instant case [pursuant to § 1B1.10]," resulting in a sentence below the 120-month mandatory minimum. *Id.* at 3.[2] Defendant does not dispute that he does not meet the requirements of 18 U.S.C. § 3553(f), which provides for a sentence of less than the mandatory minimum in limited circumstances. Instead, Defendant implies that the Court erroneously imposed the mandatory minimum sentence in light of Amendment 782.

Defendant's request for a reconsideration of his sentence and for a sentence below the mandatory minimum fails because a district court's authority to modify a sentenced is constrained by the Sentencing Commission. *See Dillon v. United States,* 560 U.S. 817, 826 (2010). Section 1B1.10 of the Federal Sentencing Guidelines states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2).

Neither 18 U.S.C. § 3582(c)(2) nor Amendment 782 give a district court discretion to impose a sentence less than the mandatory minimum prescribed by statute. *See United States v. Sykes,* 658 F.3d 1140, 1146 (9th Cir. 2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.); *see also United States v. Paulk,* 569 F.3d 1094, 1095-96 (9th Cir. 2009) (holding that a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Likewise, here, the Court does not have authority to modify Defendant's sentence below 120 months because the Court's imposition of the reduced sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Rather, the Court determined upon resentencing that Defendant was entitled to a sentence of 120 months based on the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841. In other words, Amendment 782 does not override the mandatory minimum sentence required under 21 U.S.C. § 841.

---

[2] Defendant cites *Haines v. Kerner,* 404 U.S. 519 (1972) in support. The Court notes that *Haines* applies only to the extent that a court holds the allegations in a defendant's *pro se* complaint to a less stringent standard.

4

In sum, the relevant applicable mandatory minimum "was not affected by the change in the [drug] equivalency tables." *Paulk,* 569 F.3d at 1095 (quoting *United States v. Mullanix,* 99 F.3d 323, 324 (9th Cir. 1996)). Accordingly, pursuant to § 3582(c)(2), the Court concludes that it is not authorized to grant Defendant's request for a sentence below the ten year mandatory minimum. *Sykes,* 658 F.3d at 1146; *Paulk,* 569 F.3d at 1095. Nor did the Court err by accepting the parties' stipulations and reducing the sentence imposed from 121 to 120 months. *Id.*

## IV.   CONCLUSION AND ORDER

Defendant offers no valid grounds for reconsideration. Defendant fails to show an intervening change in controlling law or that by reducing his sentence below the statutorily required 120 months the Court would prevent manifest injustice. Defendant has already been given the only sentence reduction for which he is eligible. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ivan Soto Torres's motion for reconsideration of the Court's Order granting a reduction in his sentence (Doc. 31) is **DENIED**.

**IT IS SO ORDERED**
**Dated: October 6, 2015**

　　　　　　　　　　　　　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**